IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARRIS N.A., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) No. 10 C 5495 |
| | ) |
| GANDER PARTNERS LLC, etal., | ) |
| | ) |
| Appellees. | ) |

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Appellant Harris N.A.'s (Harris) appeal from the ruling of the bankruptcy court in bankruptcy adversary proceeding number 10 A 981. For the reasons stated below, we affirm the bankruptcy court.

BACKGROUND

Harris extended loans (Loans) to Appellee development companies (Debtors) in order to purchase certain residential lots in Illinois. Certain individuals that are owners and principals of Debtors (Guarantors) executed personal guaranties (Guaranties) in order to secure the Loans. Debtors were allegedly unable to make the required payments for the Loans, and Harris filed state court collection actions

1

(Collection Actions) against Debtors and Guarantors. Harris contends that it has more than $17 million in claims against Debtors and Guarantors. After the initiation of the Collection Actions, Debtors filed Chapter 11 Bankruptcy Petitions and the Collection Actions were stayed against Debtors based on the bankruptcy proceeding (Bankruptcy Proceeding). Debtors then filed an adversary proceeding (Adversary Proceeding) against Harris in the Bankruptcy Proceeding, which related to the Collection Actions brought against the Guarantors. In the Bankruptcy Proceeding, the bankruptcy court entered an injunction (Injunction) and enjoined Harris from starting or continuing legal action against the Guarantors. Pursuant to 28 U.S.C. § 158(a)(1), Harris appealed the bankruptcy court's ruling, contending that the bankruptcy court lacked jurisdiction to enter the Injunction and that the court erroneously found that there was a sufficient basis to warrant the entry of the Injunction.

## LEGAL STANDARD

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the rulings of a bankruptcy court. *Id.* On appeal, the district court reviews the factual findings of the bankruptcy court under the clearly erroneous standard and reviews the bankruptcy court's legal findings under the *de novo*

standard. *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009)(stating that the court "review[s] the bankruptcy court's determinations of law *de novo* and findings of fact for clear error," but "where the bankruptcy code commits a decision to the discretion of the bankruptcy court, we review that decision only for an abuse of discretion"); *see also in re A-1 Paving and Contracting, Inc.,* 116 F.3d 242, 243 (7th Cir. 1997)(stating that a "bankruptcy court's findings of fact are upheld unless clearly erroneous and the legal conclusions are reviewed *de novo*"). Where there are mixed questions of law and fact, the district court conducts a *de novo* review. *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008).

## DISCUSSION

Harris argues that the bankruptcy court lacked jurisdiction to enter the Injunction. Harris also contends that, even if the bankruptcy court had jurisdiction, the bankruptcy court erred in finding that there was a sufficient basis to warrant entering the Injunction.

I. Jurisdiction for Injunction

Harris argues that since the Guarantors are not parties in the Bankruptcy Proceeding, the bankruptcy court lacked jurisdiction to enter the Injunction.

3

Pursuant to 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* Bankruptcy courts have been assigned limited jurisdiction to hear cases in: "(1) all cases under the bankruptcy code ('title 11')-i.e., bankruptcy petitions; (2) civil proceedings 'arising under' title 11; (3) civil proceedings 'arising in' a case under title 11; and (4) civil proceedings 'related to' a case under title 11." *In re Hearthside Baking Co., Inc.*, 391 B.R. 807, 813 (Bankr. N.D. Ill. 2008)(quoting *In re Resource Technology Corp.,* 2004 WL 419918, at *3 (N.D. Ill. 2004))(internal quotations omitted); *see also* 28 U.S.C. § 151 (addressing assignment of authority); 8 U.S.C. § 157(a)(same); *In re FedPak Systems, Inc.*, 80 F.3d 207, 213 (7th Cir. 1996)(same). The bankruptcy court concluded in the Adversary Proceeding that the bankruptcy court had jurisdiction since the Adversary Proceeding was "related to" the underlying Bankruptcy Proceeding. An action is "related to" an underlying bankruptcy action if "its resolution 'affects the amount of property available for distribution or the allocation of property among creditors.'" *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989)(quoting in part *In re Xonics, Inc.,* 813 F.2d 127, 131 (7th Cir. 1987)).

The record reflects that in the Bankruptcy Proceeding, Debtors were attempting to complete a reorganization in order to obtain refinancing, which in turn

could resolve the debt issues before the court. Debtors brought the Adversary Proceedings in order to bring to the bankruptcy court's attention the impact that the Collection Actions against Guarantors would have on the reorganization of Debtors. The bankruptcy court held an evidentiary hearing and heard testimony from Guarantors. Based on the evidence, the bankruptcy court concluded that Guarantors were vital to the success of the reorganization process and that the Collection Actions against Guarantors would place a significant burden on Guarantors to the extent that Guarantors would not be able to adequately assist in the reorganization process. Based on such evidence, the bankruptcy court entered the Injunction.

Harris contends that, based on the Seventh Circuit's ruling in *In re Teknek, LLC*, 563 F.3d 639 (7th Cir. 2009), the bankruptcy court erred in concluding that it had jurisdiction to enter the Injunction. In *Teknek*, the Court indicated that there are two types of claims, personal claims and general claims. *Id.* at 647. The Court also indicated that personal claims "are defined as those in which the claimant has been harmed and 'no other claimant or creditor has an interest in the cause.'" *Id.* at 645 (quoting in part *Koch Ref. v. Farmers Union Cent. Exch., Inc.,* 831 F.2d 1339, 1348 (7th Cir. 1987))(internal quotations omitted). The Court explained that "[i]ndividual creditors retain the right to bring 'personal' claims that do not implicate the trustee's purpose," but that the trustee generally lacks standing to pursue such claims. *In re*

5

*Teknek, LLC*, 563 F.3d at 646. On the other hand, the trustee has the exclusive standing to pursue general claims, which are claims "'that could be asserted by any creditor'" and claims for which "'the liability is to all creditors of the corporation without regard to the personal dealings between such officers and such creditors. . . .'" *Id.* (quoting *Koch,* 831 F.2d at 1348-49); *see also Fisher v. Apostolou*, 155 F.3d 876 (7th Cir. 1998)(stating that "the trustee has the sole responsibility to represent the estate, by bringing actions on its behalf to marshal assets for the benefit of the estate's creditors").

Harris argues that the claims brought by Harris against Guarantors in the Collection Actions are personal claims against Guarantors. Harris contends that neither Debtors, the bankruptcy estate, nor any of Debtors' other creditors have any stake in the funds sought by Harris from the Guarantors. Although Debtors have not filed a brief disputing such facts, the fact that Harris may have the sole interest in the Guarantors' funds is not determinative. The personal nature of Harris' claims against Guarantors does not end our analysis. In *Teknek*, the Seventh Circuit repeatedly referred to its ruling in *Fisher v. Apostolou*, 155 F.3d 876 (7th Cir. 1998). *In re Teknek, LLC*, 563 F.3d at 645-67. In *Fisher*, the Court ruled that "[i]n limited circumstances, the trustee may temporarily block adjudication of claims that are not property of the estate by petitioning the bankruptcy court to enjoin the other

litigation, if it is sufficiently 'related to' her own work on behalf of the estate" and if such litigation "'may affect the amount of property in the bankrupt estate. . . .'" *Id.* at 882 (quoting in part *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161-62 (7th Cir. 1994)). Based on the detailed record in the Bankruptcy Proceeding, we agree with the bankruptcy court that Guarantors' participation in the reorganization of Debtors is key to the success of the reorganization. We also agree, based on the record before us, that Guarantors would most likely not be able to adequately participate in the reorganization if they need to defend themselves in the Collection Actions. In the Bankruptcy Proceeding, Guarantors explained in detail the extensive amount of time that they devote to the operation of Debtors and are willing to devote to the reorganization. Debtors also explained their willingness to contribute funds to assist in the reorganization and to enter into additional personal guaranties to facilitate the reorganization. Thus, this case presents one of the unique instances that fall within the general guidance provided in *Home Ins. Co.* and *Fisher*, when the claims separate from the bankruptcy proceedings will have a significant impact on the bankruptcy court's and bankruptcy trustee's ability to execute their assigned functions. 889 F.2d at 749; 155 F.3d at 882. In this case, the involvement of third parties are of such importance to the efficient resolution of the Bankruptcy Proceeding that claims against the Guarantors are related to the Bankruptcy

7

Proceeding. In addition, based on the unique record in this case, it appears that the impairment of the reorganization and Debtors' ability to obtain refinancing would significantly hinder the bankruptcy court in its efforts to resolve the Bankruptcy Proceeding and would have a significant negative affect on the amount of property in the bankruptcy estate. Therefore, the Injunction entered by the bankruptcy court was appropriate pursuant to its statutory power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). The Injunction was also consistent with the authority referenced in *Fisher* of a bankruptcy court to "enjoin proceedings in other courts when it is satisfied that such proceedings would defeat or impair its jurisdiction over the case before it." 155 F.3d at 882.

Harris also contends that it would be improper to allow the parties to confer subject matter jurisdiction upon themselves. Harris argues that by agreeing to participate in the reorganization of Debtors, Guarantors attempted to confer subject matter jurisdiction over the claims brought against them in the Collection Actions. However, Guarantors' agreement to participate in the reorganization of Debtors would not have been sufficient to render them a key part of the efficient resolution of the Bankruptcy Proceeding. It was the determination by the bankruptcy court that the reorganization was appropriate and that Guarantors could serve a special role in

8

the reorganization that made their willingness to participate relevant. It was the role that the Guarantors were able to play in the bankruptcy court's resolution of the Bankruptcy Proceeding that brought the Guarantors within the bankruptcy court's subject matter jurisdiction. Thus, Guarantors did not, as Harris contends, confer subject matter jurisdiction upon themselves. Based on the above, the claims brought by Harris against Guarantors are related to the Bankruptcy Proceeding, and the bankruptcy court therefore had jurisdiction to enter the Injunction.

II. Basis For Injunction

Harris also argues that, even if the bankruptcy court had jurisdiction to enter the Injunction, the court erred in concluding that there was a sufficient basis to enter the Injunction. In ruling on a motion for an injunction in bankruptcy proceedings a court must consider: (1) the likelihood of success on the merits by the movant, (3) the balancing of harms, and (3) the public interest. *Fisher v. Apostolou*, 155 F.3d at 882 (indicating that a movant need not establish irreparable harm or inadequate remedy at law).

In the Adversary Proceedings, the record indicates that Debtors showed a likelihood of success in the reorganization and the significant impact that the Collection Actions could have on the reorganization. The record also reflects that

Guarantors had, in the past, devoted significant time and resources to the operation of Debtors and that Guarantors would continue to do so during the reorganization process. In addition, the balancing of harms clearly favors Debtors. The record reflects that the failure of the reorganization would have dire consequences on Debtors' ability to satisfy creditors, including Harris. Harris, on the other hand, faces only a temporary stay of the Collection Actions. Harris argues that the Injunction takes away the protections that Harris sought when extending the Loans. However, the Injunction in no way nullifies the Guaranties. It merely temporarily stays the enforcement of the Guaranties, and we note that the bankruptcy court indicated that it would be only a short delay. (7/12/10 OR 7). If the reorganization is successful, Harris stands to gain by recovering from Debtors at least some of the amounts owed under the Loans, and if the reorganization fails, the Guaranties will still be available to Harris. Finally, in this instance, the public interest is best served if the reorganization is allowed to run its course with the assistance of Guarantors, which could lead to the most effective resolution of the Bankruptcy Proceeding. Thus, the bankruptcy court properly concluded that the Injunction was warranted and did not err in entering the Injunction. Based on the above, we affirm the bankruptcy court.

## CONCLUSION

Based on the foregoing analysis, we affirm the bankruptcy court.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 26, 2011