**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HARRIS N.A., ) ) ) Appellant, ) ) v. ) ) GANDER PARTNERS LLC, COPPER PEAK ) DEVELOPMENT CORPORATION, and PRAIRIE ) VIEW DEVELOPMENT CORPORATION, ) ) Appellees. ) | Case No. 10 C 5495<br>Honorable Samuel Der-Yeghiayan |

**APPELLANT'S MOTION FOR REHEARING
PURSUANT TO BANKRUPTCY RULE 8015**

NOW COMES Harris N.A. (*"Appellant"*), and for its Motion for Rehearing Pursuant to Bankruptcy Rule 8015, states as follows:

1. This case involved an appeal from the Order Granting Preliminary Injunction entered on July 16, 2010 by the Honorable Jacqueline P. Cox (the *"Bankruptcy Order"*) in Adversary Proceeding No. 10 A 981 (the "*Adversary Proceeding*") in the bankruptcy cases of Gander Partners LLC, Copper Peak Development Corporation and Prairieview Development Corporation, which cases have been procedurally consolidated under Case No. 10 B 8877 (the *"Bankruptcy Case"*). A copy of the Bankruptcy Order is attached hereto as *Exhibit 1*.

2. This appeal was docketed in the District Court on August 31, 2010 (*see* Docket No. 1).

3. By Order dated September 15, 2010, the Court established a briefing schedule which required Appellant to file its opening brief on or before October 15, 2010, Appellees to

file their response brief on or before November 5, 2010, and Appellant to file its reply brief on or before November 19, 2010. The Court set a status hearing for January 27, 2011 at 9:30 a.m.

4. Appellant filed its opening brief on October 15, 2010. However, Appellees did not file their response brief on November 5, 2010.

5. By its own terms, the injunction granted in the Bankruptcy Order expired on November 12, 2010, and Appellees thereafter informed Judge Cox that they would not seek an extension of the injunction from Judge Cox.

6. On January 13, 2011, Judge Cox dismissed the Adversary Proceeding. *See* Exhibit 2 hereto.

7. On January 26, 2011, the Court delivered its Memorandum Opinion (Docket No. 9) and entered its Judgment (Docket No. 10) affirming the Bankruptcy Order. By further Order, the Court struck the January 27, 2011 status hearing.

8. Appellant intended to inform this Court at the scheduled January 27, 2011 status hearing that this appeal was rendered moot by the expiration of the injunction and the dismissal of the Adversary Proceeding. *Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 842 (7th Cir. 1998) (holding that an appeal of an injunction is moot, and no case or controversy is presented, when the injunction has expired by its own terms prior to the hearing on the appeal); *Also see Worldwide Street Preachers' Fellowship v. Peterson*, 388 F.3d 555 (7th Cir. 2004) (holding that an appeal of a denied injunction is moot where the activity sought to be enjoined had already occurred), Wright & Miller, *Federal Practice & Procedure* §3533.3.2 (2010). Appellant did not realize that the Court was in the process of preparing its ruling before January 27, 2011, particularly since Appellees had not filed their response brief.

9. Appellant respectfully states that under the *Orion Sales* and *Worldwide Street* decisions referenced above, the Court did not have the power to enter the Memorandum Opinion and the Judgment because this appeal was moot on January 26, 2011.

10. Rule 8015 of the Federal Rules of Bankruptcy Procedure provides:

> Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 14 days after entry of the judgment of the district court or the bankruptcy appellate panel.

11. The purpose of a rehearing under Bankruptcy Rule 8015 is to direct the Court's attention to a material matter of law or fact which the Court has overlooked in deciding the case and which, had it been considered, would probably have brought about a different result. *In re CBI Holding Company, Inc.*, 2010 WL 2287013 (S.D.N.Y. 2010).

12. Appellant respectfully asserts that because of Appellees' failure to file its brief, and the scheduling of the status conference on January 27, 2011, the Court was not apprised of the mootness of this appeal when it delivered its Memorandum Opinion and entered its Judgment affirming the Bankruptcy Order. Appellant further asserts that if the Court were apprised of the expiration of the injunction, and the dismissal of the Adversary Proceeding, the Court would have reached a different result—namely, dismissal of this appeal.

13. For the foregoing reasons, Appellant requests that the Court grant Appellants' motion for rehearing and vacate the Court's Memorandum Opinion (Docket No. 9) and Judgment (Docket No. 10).

**WHEREFORE,** Appellant requests that the Court grant Appellant's Motion for Rehearing and vacate the Court's January 26, 2011 Memorandum Opinion (Docket No. 9) and Order and the Court's January 26, 2011 Judgment (Docket No. 10). A form of order is attached hereto as Exhibit 3.

                                HARRIS N.A.

                                By:  /s/ Michael T. Benz
                                       Michael T. Benz (6193310)
                                       One of Its Attorneys

Richard A. Wohlleber
Michael T. Benz
CHAPMAN AND CUTLER LLP
111 West Monroe
Chicago, Illinois 60603
(312) 845-3000
(312) 701-2361 (Fax)

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a true and correct copy of the foregoing **APPELLANT'S MOTION FOR REHEARING PURSUANT TO BANKRUPTCY RULE 8015** to be served upon the following individuals and entities by the methods described below on this 1st day of February, 2011:

>Scott R. Clar
>CRANE, HEYMAN, SIMON, WELCH & CLAR
>135 South LaSalle Street, Suite 3705
>Chicago, IL 60603
>(via U.S. Mail and email)

/s/ Michael T. Benz